UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD S. PEIRCE, et al.,

    Plaintiff(s),

v.

GEICO INSURANCE COMPANY,

    Defendant(s).

NO. C09-333MJP

ORDER ON MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed

1. Defendant's Motion for Summary Judgment Regarding Insurance Coverage (Dkt. No. 16)
2. Plaintiffs' Response to Defendant's Motion for Summary Judgment Regarding Insurance Coverage (Dkt. No.20)
3. Defendant's Reply Memorandum in Support of Motion for Summary Judgment Regarding Insurance Coverage (Dkt. No. 25)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Plaintiffs' request to certify the issues raised by his pleadings is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment on the issue of UIM coverage is GRANTED.[1]

---

[1] It is unclear from the briefing whether a ruling in Defendant's favor on this motion disposes of Plaintiffs' claims entirely.

**ORD ON MTN FOR SUMMARY JMT - 1**

**Background**

On April 4, 2003, Plaintiff Donald Peirce's wife and daughter were struck while walking on the sidewalk in downtown Seattle by a car driven by Terrance Johnson, a federal government official. Johnson died at the scene; Mr. Peirce's wife died three days later. It was later determined that Johnson had died of a heart attack (although it was never proven whether the cardiac arrest occurred before or after he lost control of the vehicle).

A bench trial was held before Judge Coughenour of this district in April of 2007 (C05–440JCC). Judge Coughenour found for the defense, ruling that Plaintiffs had failed to establish by a preponderance of the evidence that the crash was the result of a negligent act by Johnson. Id., Dkt. No. 83, p. 8.

According to Plaintiffs, Defendant failed to respond to their first letter of February 19, 2007, requesting that the insurance company reevaluate their claim under the Uninsured/Underinsured Motorist ("UIM") provision of their policy, which stated:

> Under the Uninsured Motorists Bodily Injury Coverage we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, underinsured motor vehicle or hit-and-run motor vehicle arising out of the ownership, maintenance or use of that auto.

Metteer Decl., Exh. 3, p. 11.

Following the adverse liability ruling, Plaintiffs' counsel again requested evaluation under the UIM provision of the policy, claiming that the language of RCW 48.22.030 (which had been revised in the interim between the accident and the bench trial) entitled his client to coverage. Walsh Decl., Exh. 2. Defendant declined, claiming that Judge Coughenour's finding relieved it of any responsibility to pay a UIM claim in this matter.

**Discussion**

**ORD ON MTN FOR
SUMMARY JMT - 2**

A. **Summary judgment motion**

Plaintiffs' claim is founded on the language of RCW 48.22.030, a revision to the uninsured/underinsured motorist law enacted in 2007. The statute reads, in pertinent part:

> (1) "Underinsured motor vehicle" means a motor vehicle with respect. . . to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.
>
> (2) No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles. . . because of bodily injury, death, or property damage, resulting therefrom. . .
> \*\*\*\*\*\*\*\*\*\*
> (12) The purpose of this section is to protect innocent victims of motorists of underinsured motor vehicles. Covered persons are entitled to coverage without regard to whether an incident was intentionally caused. . . As used in this section, and in the section of policies providing the underinsured motorist coverage described in this section, "accident" means an occurrence that is unexpected and unintended from the standpoint of the covered person.

Plaintiffs argue that the statute – specifically that portion (¶ 12) which redefines "accident" from the perspective of the victim ("an occurrence that is unexpected and unintended from the standpoint of the covered person") – has eliminated the need to establish liability of any sort concerning the proximate cause of the injury. Their position is that, under Washington law, anyone who is the victim of an unexpected, unintended injury involving an uninsured/underinsured motorist is eligible to collect under UIM coverage.

The parties' briefing presents two major issues for the Court's determination:

1. <u>Choice of law and the applicability of RCW 48.22.030 to Plaintiff's claim</u>

Plaintiff Donald Peirce is a Louisiana resident (Complaint, ¶1.1) and neither side disputes that the policy he seeks to enforce was written in Louisiana. The accident for which he seeks recovery occurred in the state of Washington. Although Ninth Circuit case law holds that the forum state of

**ORD ON MTN FOR
SUMMARY JMT - 3**

Washington's choice of law rules apply (see Northern Ins. Co. of New York v. Allied Mut. Ins. Co., 955 F.2d 1353, 1359 (9th Cir. 1992)), in terms of contract interpretation generally either state's law could be applied to the same effect: Washington and Louisiana both adhere to the maxim that where the language of the instrument is "clear and unambiguous," the contract must be enforced as written. Amer.Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co., 135 Wn.2d 413, 428 (1998); R.L. Lucien Title Co. v. Amer. Sec. Ins. Co., 8 So.3d 753, 757 (La.Ct.App. 2009).

However, when it comes to the question of which state's statute concerning UIM coverage applies, the parties are at odds. Neither side argues that Louisiana's UIM statute (La. Rev. Stat. Ann. 22:1295(1)(a)(iii)) applies: its requirements are restricted to liability insurance covering any accident which occurs in "Louisiana and involves a resident of Louisiana."

Plaintiffs wish the Court to apply the Washington state statute regarding UIM coverage (RCW 48.22.030). Defendant takes the position that the statute, by its own terms, excludes Plaintiffs from its effective scope. The insurance company argues that the language "No new policy or renewal of an existing policy... shall be issued with respect to *any motor vehicle registered or principally garaged in this state. . .*" to mean that unless the motor vehicle was registered or principally garaged in Washington (which no one disputes that Mr. Peirce's vehicle was not) then the statute is inapplicable.

The Court does not agree that the language of the statute excludes Plaintiffs. The language concerning "any motor vehicle registered or principally garaged in this state" is simply inapplicable to this situation – that section is solely addressed to the issuance of new policies or renewal of existing policies and is confined to the mandate that policies covering such vehicles must have UIM provisions. Nothing in the language of that section suggests that the effect of the rest of the statute (including the revised definition of "accident") is restricted only to such vehicles. To the extent that the scope of RCW 48.22.030 extends to this situation, it is not rendered inapplicable by the fact that Mr. Peirce's vehicle was not registered or principally garaged in the state of Washington.

**ORD ON MTN FOR SUMMARY JMT - 4**

Having determined that Plaintiff is not excluded from the scope of the statute, the Court now turns to the issue of whether the statute avails Plaintiffs anything. It is the finding of this Court that it does not.

2. <u>RCW 48.22.030 and the burden of establishing liability</u>

Plaintiffs' argument is that the effect of the revisions to RCW 48.22.030 is to take the issue of "fault" out of the equation any time that a policy holder is injured by an underinsured motorist in an "accident" (i.e., any occurrence unexpected or unintended by the person injured). In other words, the simple fact that an insured was injured by an underinsured motorist in an event that was not expected or intended by the insured would trigger UIM coverage.[2]

Adopting Plaintiffs' position would stretch the statutory language of RCW 48.22.030 to cover a situation it does not, on its face, address. Plaintiffs' own briefing makes it clear that the reorientation of the statutory definition of "accident" reflected in RCW 48.22.030 was designed to remedy a situation where an insured is injured by a tortfeasor whose behavior (although culpable) did not fit the previous auto policy definition of "accident" for UIM purposes (in Plaintiffs' example, the insured was injured by a driver who had intended to injure someone else, therefore the driver's actions were not "negligent" and the insurance company had denied UIM coverage; <u>see</u> Decl. of Patrick Lepley).

This avails Plaintiffs little. Regardless of how "accident" is defined, the UIM provision of Plaintiff's insurance contract agrees to compensate the insured for damages "which the insured is *<u>legally entitled</u> to recover **from the owner or operator of an. . . underinsured motor vehicle. . . arising out of the ownership, maintenance or use of that auto.**"* The facts of this case do constitute

---

[2] As an initial matter, the Court questions whether UIM coverage is implicated by the facts of this case at all. Plaintiffs characterize their rights to UIM recovery as triggered by the determination – made by Judge Coughenour – "that Plaintiffs' recovery of third-party liability would be insufficient." Pltfs. Response, p. 6. But the "motorist" in this matter was Mr. Johnson – there is no evidence presented that he was "underinsured," and no case authority cited in support of the theory that a finding of no liability on the part of an employer under a <u>respondeat superior</u> theory of recovery is the legal equivalent of a determination of "insufficient recovery" which would implicate UIM coverage under the injured party's policy. Defendant does not raise this issue, however, and the Court decides this motion on other grounds.

**ORD ON MTN FOR SUMMARY JMT - 5**

an "accident" as defined by RCW 48.22.030, but the statute doesn't say that an "accident" automatically entitles Plaintiffs to UIM coverage and the language of their insurance contract unquestionably does not extend that far. If the insured is not legally entitled to recover from the owner/operator of the underinsured vehicle, the UIM provision in the policy at issue doesn't apply. Judge Coughenour's ruling answered the question of whether Plaintiffs are legally entitled to recover from Mr. Johnson and nothing in RCW 48.22.030 entitles Plaintiffs to recover regardless of that ruling.

Defendant cites to a pre-RCW revision case that is instructive. In Sherry v. Financial Indemnity Co., 160 Wn.2d 611 (2007), the Washington Supreme Court stated that:

> ...UIM is unique among insurance. Its purpose and focus are very narrow. Rather than full compensation, UIM coverage simply provides additional insurance to cover any judgment that might be entered in favor of the insured against an underinsured motorist. [*citation omitted*]. Therefore, for example, insureds may not recover UIM damages when their injuries were caused by an immune uninsured motorist. [*citation omitted*]. . . . UIM insurance simply insures a driver against someone else not having enough insurance to pay a judgment, rather than insuring for full compensation in the case of an accident.

Id. at 622-23.

Although this was published prior to the effective date of the revisions contained in RCW 48.22.030, nothing in the statute speaks to any intention to overturn this very fundamental understanding of the purpose and applicability of UIM insurance. Had the legislature intended to turn UIM coverage into some kind of strict liability, no-fault insurance for any and all "accidents," it could and would have said so more clearly. Defendant will be granted summary judgment on the issue of UIM recovery.

B. **Certification to Washington State Supreme Court**

State law provides that "a federal court may certify to the Washington State Supreme Court questions of local law which have not been clearly determined." RCW 2.60.020. The Washington Rules of Appellate Procedure state that the Washington State Supreme Court may determine a

**ORD ON MTN FOR
SUMMARY JMT - 6**

question of law certified to it "if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution." Wa.R.App.P. 16.16(a).

It is apparent from both parties' briefing that there is no case law on point concerning the intersection of these facts and this relatively new revision to state law. However, as Defendant points out, simply because Plaintiff has formulated an interpretation of a statute which has never been raised before a state court is not the same as saying that the statute "has not been clearly determined."

In fact, the clear nonapplicability of this statute to the facts before this Court leaves no doubt that this is not a matter requiring clarification by the courts of the forum state. Plaintiffs' request for certification of any issues raised by this motion to the Washington State Supreme Court is denied.

**Conclusion**

The clear and unambiguous language of Plaintiffs' insurance policy issued by Defendant, coupled with the previous finding of non-liability on the part of the deceased driver, compels a finding that Plaintiffs' UIM coverage is not applicable to the facts before the Court. Defendant's motion for summary judgment in that regard will be GRANTED; Plaintiffs' request for certification of this issue to the Washington State Supreme Court will be DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated: November _20_, 2009

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN FOR SUMMARY JMT - 7**